Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the court below, dismissing Ihe appellant’s bill, exhibited for the purpose of compelling the appellee’s to surrender their elder title derived under an adverse claim.
The appellant asserts claim under the following entry:-^
9th June, 1780 — George Muter, assignee, &c. enters “2000 acres upon two treasury warrants. &c. on the head “of the longest branch of a fork of Licking called John-“sen’s fork, emptying into said Licking creek about 6 or 7 “miles below the lower Salt Lick, to include the “said fork, and to extend down both sides for quantity.”
The answer of the appellees not only contests the validity of this entry, but it denies that the survey under which the appellant’s patent purports to have emanated, was, in fact, ever made.
With respect to making the survey, the evidence is unquestionably of a very dubious character, and were a sion on that point necessary, we should have great hesitation in sustaining the appellant’s claim; but upon the hy-pothesusof the survey having been made, we are decidedly of opinion, the entry of Muter cannot entitle the appellant to the land in contest.
That entry, as it locates the land on the head of the longest branch of Johnson’s fork, is clearly, according to the repeated decisions of this court, prima facia invalid; and so far from forming an exception to the general rule, the present case is rather an illust ration of the correctness of the principle upon which it is founded.
fiar din for appellant, Bibb for appellees.
For Johnson’s fork is shewn to have various branches', and to require an actual admeasurement of them all would certainly he imposing upon a subsequent adventurer great trouble and expense; and from the evidence in relation to their sources, to ascertain the head of either, with certainty and precision, if not utterly impracticable, would unquestionably be extremely difficult.
Under these circumstances, therefore, the court beloy properly dismissed the appellant’s bill.
The decree must consequently be affirmed with cost.